NATHANIEL H. WATROUS' HEIRS AND OTHERS v. ELIZABETH McGREW AND OTHERS.

Where one of several tenants in common, who are co-plaintiffs in an action of trespass to try title, against a stranger, dies, it is not necessary to make the heirs or representatives of the deceased, parties to the action. The right of action of the survivors is not affected by the death of their co-plaintiff.

It is settled by the decision of this Court in the cases of Clay's heirs v. Holbert (14 Tex. R. 189,) and Ruis v. Chambers, (15 Id. 586,)—the latter being a decision upon this very title—that the title is not invalid by reason of the want of two witnesses of assistance.

The plaintiff did not rely on the testimonio, alleged to have been altered, as evidence of title. Rejecting the part which had been added, (the name of an assisting witness,) he used only that part of it which was proved to be a

copy of the original, as evidence of the contents of the original, together with proof of its execution.

Proof of the contents and due execution of the original dispensed with the necessity of relying on the testimonio as evidence of title. And though the latter had been altered or destroyed, that did not impair the legal effect of the former, or annul the title vested by it in the grantee and those claiming under him by regular mesne conveyances.

An authentic act done before a Notary Public in Louisiana in 1838, for the conveyance of land situated in the Republic of Texas, may be proved by copy authenticated under the Act of Congress of the 27th of March, 1804.

Laws, of which we judicially take notice, recognize the Civil Code and Code of Practice of Louisiana, as law in that State. (Hart. Dig. p. 18, 321, and see Ordinances, &c., of the Consultation.) We, therefore, must judicially take notice that they are so.

We must also take notice of the Spanish law, in force here at the date of the act in question: we must know that the act duly attested (an act before a Notary in Louisiana in 1838, for conveyance of land in Texas,) makes proof in Louisiana, and that the original act of sale remained an archive in the office of the Notary; consequently the plaintiffs could not be required to produce it, and its non production was not a valid objection to the admission of the evidence (a copy authenticated under the Act of Congress) produced by them.

An act of sale of land, by power of attorney, in Louisiana, is not evidence of the due execution of the power, although the exhibition of the power be recited in the record, more especially where the power purported to have been executed in a foreign country.

See this case as to the presumption of the genuineness of a power of attorney, by virtue of which an act of sale was made before a Notary; in this case its genuineness was not presumed.

Appeal from Washington, transferred from Austin. Tried before the Hon. R. E. B. Baylor.

Action of trespass to try title, commenced on the 6th day of February, 1843, by Edwin Morehouse, the heirs of Nathaniel H. Watrous, and the heirs of John R. Cunningham, against Elizabeth McGrew, William McGrew, Hardin McGrew and Flood McGrew, for four leagues of land on the east bank of the Brazos river, opposite the town of Nashville, in Robertson County. Venue changed by plaintiff to Washington. Elizabeth McGrew, as the widow of James T. McGrew, and the

other defendants as the children of said James and Elizabeth, claimed one league on which they had resided since 1834, claiming it as the headright of said James. They pleaded not guilty and the statute of limitations. Morehouse died during the pendency of the suit, and after several continuances to make his representatives parties, the defendants moved to dismiss the suit on the ground of the neglect of the plaintiffs to make said representatives parties. The motion was overruled and the cause continued for want of parties, to which the defendants excepted. Finally, at the Spring Term, 1853, the plaintiffs declared that they did not intend to revive the suit, as to the representatives of Morehouse, and announced themselves ready to go to trial. The defendants again moved to dismiss for failure to make the representatives of Morehouse parties, which motion being overruled, the defendants excepted.

The case was submitted to the Court, without a jury. The plaintiffs claimed under a concession of nine leagues to Lieut. Col. Francisco Ruis ; title extended on the 31st of August, 1833. They introduced in evidence a certified translation from the General Land Office, taken from the original or protocol, from which it appeared that there was only one assisting witness, viz : C. C. Givens. They then introduced a paper, purporting to be the title of possession for said nine leagues, in connection with the testimony of said Givens. Givens testified that the testimonio was an exact copy of the original on file in the land office, except the signature of W. T. Lightfoot as an assisting witness ; that he had compared it with the original ; that the name of W. T. Lightfoot was not in said original in the Land Office ; " that his own name is to the said " original ; that the same was signed by L. LeSassier who " purports to execute the same, and that at the time of said " signing, the said L. LeSassier was acting Alcalde at San Fe- " lipe de Austin ; that he recollected the transaction by reason " of other matters connected with the same ; and he is ac-

" quainted with the signature of said L. LeSassier, and that
" that to said original is his handwriting ; that he, Givens,
" was the only witness to said original, and neither W. T.
" Lightfoot or any one else beside himself, was an assisting
" witness to the same."

The competency of the translation was objected to on the
ground that the absence of the second original was not ac-
counted for, and because there was only one assisting witness.

The competency of the testimonio was objected to on the
ground that it had been altered.

The plaintiffs then introduced in evidence a copy of an
authentic act of conveyance, executed before Edward Barnett,
a Notary Public in the City of New Orleans, in the State of
Louisiana, from Francisco Antonio Ruis, attorney in fact for
Francisco Ruis, to Edwin Morehouse, John Randolph Cun-
ningham and Nathaniel Huntington Watrous, dated 14th day
of April, 1838, certified, March 6th, 1851, by Emile Hiriart,
Notary Public ; with a certificate by the Judge of the second
District Court of New Orleans, that the attestation was in due
form of law and by the proper officer ; with the certificate of
the Clerk of said Court, of the official capacity of said Judge,
with the seal of said Court.   The act recited that personally
came and appeared Mr. Francisco Antonio Ruis, of the Re-
public of Texas, attorney in fact of Francisco Ruis of same
place, duly appointed by act of procuration under private sig-
nature, dated at Bexar, in the said Republic, on the first of
February, 1838, and on the same day duly acknowledged be-
fore Erasmo Seguin, Chief Justice and ex-officio Notary Pub-
lic for the County of Bexar, which power has been exhibited
to the purchasers hereinafter named, and afterwards returned
to the appearer, who declared that for the consideration of
twenty thousand dollars, &c., conveying the four leagues of
land dsecribed in the plaintiff's petition.   The objections made
to this evidence were :

1st. That the absence of the original was not accounted for.

2nd. That the absence of the second original or testimonio is not accounted for.

3rd. That the paper offered has not been recorded and can. not go to record.

4th. That said paper was not filed three days before the trial, and notice thereof given.

5th. That the said paper cannot be used as evidence with-out the production of the power or letter of attorney therein referred to, by virtue of which the same purports to be exe-cuted.

The plaintiffs then proved their heirship ; and that the four league survey included all of the league claimed by the defend-ants, except a few acres in the lower corner on the river, where defendants' improvements were situated. No evidence of any possession under the Ruis grant.

The defendants then proved that James T. McGrew, settled upon said league by permission of the Empressario Sterling C. Robertson, as his headright, and that he and the defendants had continued to occupy it ever since, claiming it as the head-right of said James ; that it had been surveyed by the Surveyor of the colony, for McGrew, on the 23rd of December, 1835, the field notes of which survey were introduced in evidence ; headright certificate, No. 45, for a league of land, issued to said McGrew on the 5th February, 1838, by the Board of L. C. of Robertson County ; field notes of a survey, dated April 15th, 1839, for James T. McGrew, of one league of land situ-ated on the east side of the river Brazos, opposite the town of Nashville, it being the quantity of land to which he is entitled by virtue of land certificate No. 45, issued by the Board of Land Commissioners of Robertson County, the 5th of Febru-ary, 1838. Oath of James Scofield, Deputy Surveyor for Robertson County, Franklin, April 20, 1839, that the forego-ing survey was made according to law and that it had been made since the 1st of February, 1838. Certificate of examin-ation and approval, Franklin, May 10th, 183—, (no signature)

recorded in book A, page, 156.    Certificate, dated September 2nd, 1846, by the Surveyor of Robertson District, that the within certificate and field notes are recorded in book A, page 186 of his office.    The defendants then proved that the certificate had been recommended.

The foregoing statement was submitted to the Court, upon the evidence and objections contained therein; if the law should be with the plaintiffs, judgment to be rendered in their favor for the land ; if with the defendants, judgment to be rendered that they go hence without day and recover their costs, &c.    The Court gave judgment for the defendants.

*R. Hughes, W. P. Ballinger* and *Waul & Wilson*, for appellants.

*Lewis & Barber*, for appellee.

WHEELER, J.    We have heretofore decided that one tenant in common may maintain an action of trespass to try title, against a stranger.    (Croft v. Rains, 10 Tex. R. 520.)    We are of opinion, therefore, that the action did not abate, by the death of one of the plaintiffs ; and that there was no necessity to make the heirs of the deceased parties to the suit.    The right of action of the survivors was not affected by the death of their co-plaintiff.

It is settled by the decision of this Court in the cases of Clay's heirs v. Holbert, (14 Tex. R. 186,) and Ruis v. Chambers, (15 Id. 586)—the latter being a decision upon this very title—that the title is not invalid by reason of the want of two witnesses of assistance.

The plaintiff did not only rely on the testimonio, alleged to have been altered, as evidence of title.    Rejecting the part which had been added, he used only that part of it which was proved to be a copy of the original, as evidence of the contents of the original, together with proof of its execution.—

Proof of the contents and due execution of the original dispensed with the necessity of relying on the testimonio as evidence of title. And though the latter had been altered or destroyed, that did not impair the legal effect of the former ; or annul the title vested by it in the grantee, and those claiming under him by regular mesne conveyances. (1 Greenl. Ev. Sec. 568, and cases cited in notes ; Lewis v. Payne, 8 Cowen, 71.)

The defence of limitation cannot avail the defendants. Their possession was not continued a sufficient length of time to give title ; and they did not claim under any title or color of title, acquired prior to their certificate of headright, issued in 1838. Upon that a survey was made in April, 1839. Three years had not elapsed from the passage of the Act of the 5th of February, 1841, which took effect on the 17th of March thereafter, when this suit was commenced in January, 1843 : nor had any period of time elapsed under any former law of limitation, or prescription, which, added to the time which ran under the Act of 1841, would have completed the bar, according to the rule in Gautier v. Franklin, (1 Tex. R. 732.)

The objections taken to the admission in evidence of the act of sale of the 14th of April, 1838, passed before the Notary Public in Louisiana, did not go to question the official character of the Notary, or the due execution of the conveyance. Proof upon these points, therefore, was unnecessary, and must be deemed to have been waived. But if not, the act of the Notary was authenticated under the Act of Congress of the 27th of March, 1804, to the form of which there was no objection, and which must be deemed proof of its genuineness and authenticity. Laws, of which we judicially take notice, recognize the Civil Code and Code of Practice of Louisiana as law in that State. (Hart. Dig. p. 18, 321, and see Ordinances, &c., of the Consultation.) We, therefore, must judicially take notice that they are so. We must also take notice of the Spanish Law, in force here at the date of the act in question ; we must know that the act duly attested makes proof in Louisiana ; that the

original act of sale remained an archive in the office of the Notary : consequently the plaintiffs could not be required to produce it ; and its non-production was not a valid objection to the admission of the evidence produced by them.

The only remaining question is, as to the proof of the power under which the attorney acted in making the sale. The act being proved, afforded proof of its contents. It recites the production of the power, and is evidence that such an instrument was produced. But is it evidence of the due execution of the power, by the person by whom it purported to have been given ? It seems not ; (Buhols v. Boudonsquite, 6 Martin, N. S. 153;) the more especially as it was executed in this country, which was then foreign to the country wherein the conveyance was made. (Rosine et al v. Bunnable et al, 5 Robinson (La.) R. 163.) There should have been some evidence of the execution of the power, or its genuineness. It may be a question whether, under the particular circumstances of this case, it may not be presumed. A power to execute a deed will, in many cases, be presumed. (2 Cow. and H. Notes to Phil. Ev. p. 812—813.) In most cases where a deed would be evidence as an ancient deed, without proof of its execution, the power under which it purports to have been executed will be presumed. (Id. and see 4 Pick. 162 ; 4 Greenl. R. 248 ; 1 Hill, 389 ; 9 Johns. 169.) In Louisiana, it has been held, that, where possession had followed a sale made by an attorney in fact for a period of twenty or more years, the authority of the attorney might be presumed. (Buhols v. Boudonsquite, 6 Martin N. S. 153, cited *supra*.) So it has been held, that the acquiescence of the principal in the possession under the conveyance, for nearly twenty years, will authorize the presumption that a condition precedent, on which the attorney was to convey land, had been fulfilled ; and that he had not transcended his power. (McConnell v. Bowdry's heirs, 4 Monroe, 395.) A like presumption has been indulged under particular circumstances, where possession had not followed the deed, and considerably

less than twenty years had elapsed after its execution by the attorney. (Forman v. Crutcher, 2 A. K. Marsh. 69.)

The conveyance in this case was executed in 1838; the plaintiffs, claiming under the conveyance, brought suit to recover the land of the defendants in possession in 1843; the suit was pending in the District Court for more than ten years; the venue was twice changed, first to Montgomery, and then to Washington, from which the suit must have obtained great notoriety; the original grantee, who gave the power of attorney, and under whom the plaintiffs claim by purchase, resided in this State; and yet, he has been silent during all this time as to any right or title remaining in himself. It is scarcely to be supposed that he, or his heirs if he be not living, would thus have acquiesced in the plaintiffs' claim and assertion of title in themselves; or that he would have suffered this protracted litigation for the recovery of the possession, under a claim of title, if he had not, in fact, parted with his right, by a legal and *bona fide* conveyance to the plaintiffs.— There would seem much reason to hold, that the circumstances amount to *prima facie* evidence of the genuineness of the power, under which the attorney acted in making the mesne conveyance, yet, it must be admitted that the power, under which a deed is executed, should be proved; and its production and proof ought not to be dispensed with, unless under particular circumstances, of apparent necessity; as where from the lapse of time, or other causes, there is reason to believe it to have been lost, or that it is not in the power of the party to produce it. If it be not in the power of the plaintiffs now to produce and prove the execution of the power of attorney in the ordinary mode, yet, it can scarcely be doubted, that, by the use of proper diligence, they might have obtained some evidence conducing to prove its genuineness. Parol evidence would have been admissible for that purpose. (Forman v. Crutcher, cited *supra*.) The fact, appearing by the act of the Notary, that it did not accompany the delivery of the convey-

ance to the plaintiffs, but was returned by the Notary to the possession of the attorney, would go far to excuse its production in Court by the plaintiffs ; and what would excuse its production, would, of course, dispense with the usual proof of its execution. Still, we think, some evidence of its genuineness ought to have been produced. The Court ought not to be required to decide upon presumptions questions of this kind, where legal proofs may reasonbly be supposed to be within the power of the party.

If our decision in this case were to be final and conclusive of the rights of the plaintiffs, there might be more reason, to go to the ultimate extent, to which any principle or precedent would warrant, to sustain the right and justice of the case : and we might hesitate long before we would pronounce, that the circumstances do not amount to *prima facie* evidence of the genuineness of the power, and the authority of the attorney to execute the conveyance under which the plaintiffs claim title to the grant in question. But as they will have their second action for the maintenance of their right ; and there is reason to believe the desired evidence can be obtained, we think it better not to extend the doctrine of presumption to supply proof, which, there is reason to believe, the party might have obtained, and which he ought, therefore, to have produced : where the necessity of the case, which, in general, is the ground of allowing such presumptions, does not require it. It might seem to give countenance to a loose and dangerous practice : a practice of allowing inferences, drawn from doubtful premises, to take the place of legal evidence ; or it might seem obnoxious to the objection of affording judicial assistance to parties who have not been sufficiently vigilant in the maintainance of their rights ; instead of leaving them, as the law leaves them, to make out their case for themselves, by the use of those legal means which it affords. *Vigilantibus, non dormientibus, jura subveniunt.* We conclude, therefore, it is safer and better, in the present aspect of the case, not to go

to what might be supposed a questionable length, even to uphold a title and right, of the legality and justice of which we may entertain no doubt : but to leave the plaintiffs to make their right manifest, by the production of the requisite legal evidence.

Being of opinion that the plaintiffs were not well entitled to a recovery, by reason of their omission to prove the execution, or genuineness of the power of attorney, under which their conveyance was made, it results, that the judgment of the Court, upon the case agreed, must be affirmed : and it is ordered accordingly.

Judgment affirmed.