R. W. CAFFEY'S EXECUTORS ET AL. v. J. B. COOKSEY.

Delivered May 28, 1898.

**1. Separate and Community Property—Deed to Wife—Presumption.**

The sole fact that the deed of property acquired during the marriage relation is taken in the name of the wife does not give rise to the presumption that it was intended as a gift to her.

**2. Same—Erroneous Charge.**

An instruction that the fact that a deed was taken in the name of a wife raises a presumption that it was intended as a gift to her is erroneous and reversible error where it was material to the issues of the case.

**3. Costs—Suit for Title and for Rents.**

One who seeks to recover land and also asks a recovery for rents is not chargeable with the costs where the jury awarded him the land but did not find for rents, when additional costs were not made necessary by reason of the demand for rents.

**4. Limitations—Life Tenancy.**

An absolute conveyance of land by a life tenant to one who has knowledge of the extent of the grantor's ownership passes only such life estate, and no right of action accrues to the remainderman, nor does limitation commence to run against him until after the death of the life tenant.

**5. Evidence—Transactions with Decedent.**

A reversioner who seeks to recover land under the terms of the will of his father may testify as to conversations between his mother (the life tenant) and his stepfather, since deceased, to whom the property was conveyed by the mother upon separation, the witness not being incompetent under article 2302, Revised Statutes, since his claim is not made as heir or legal representative of the deceased stepfather.

**6. Depositions—Intervention.**

Depositions on file in a cause are not rendered incompetent because a plea to intervene was thereafter introduced in the suit and issues made.

**7. Same—Waiver of Objection.**

An objection that at the time a commission for the taking of depositions issued a mandate from the Court of Civil Appeals on a former appeal had not been filed in the District Court is waived, where service of the interrogatories was accepted with a reservation of the right to thereafter object to them and to the manner and form of their taking and return.

APPEAL from Navarro.   Tried below before Hon. L. B. COBB.

*McKie & Autry,* for appellants.

*W. W. Ballew, Frost, Neblet & Blanding,* and *Stone & Lee,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was originally instituted March 29, 1894, by Lavinia Caffey, as sole plaintiff, in plain form of trespass to try title against the executors of R. W. Caffey, her deceased husband, and the Grand Lodge of Odd Fellows.  By amendment filed October 9, 1894, plaintiff alleged that the 220 acres of the J. M. Campbell survey in controversy was (1) purchased by her separate funds, and (2) that although the land was conveyed to R. W. Caffey, he had made plaintiff a verbal promise to reconvey or devise all but a life estate in

the land. On these issues a trial was had resulting in a judgment for plaintiff, which judgment, upon appeal, was reversed by this court on February 22, 1896. See 12 Texas Civ. App., 616. On February 27, 1896, the sole plaintiff died.

On October 16, 1896, the intervener, J. B. Cooksey, filed his plea of intervention, in which he alleged that the 220 acres of land in dispute was purchased by his mother with separate funds belonging to his father, J. K. Cooksey; and that his mother, Mrs. L. Caffey, by virtue of the will of J. K. Cooksey, took a life estate in said land, and that upon the death of Mrs. L. Caffey the land went to him, intervener. Intervener asked judgment for the land, and also prayed for rents from February, 1894, to the time of the death of his mother—he alleging that he was her sole heir.

The defendants James L. Autry and Frank S. Kerr, executors of R. W. Caffey, deceased, and the Independent Order of Odd Fellows, answered by general and special exceptions, plea of not guilty, by special answers, and the statute of limitations of three, five, and ten years. There was a trial with the aid of a jury, and verdict for intervener upon which judgment was duly entered. Defendants' motion for new trial being overruled, they have duly perfected their appeal to this court. The facts are more fully stated in the opinion on the former appeal of this case, to the report of which reference is here made. 35 S. W. Rep., 738.

Appellants' first contention is that the court erred in the sixth and ninth clauses of its general charge, and in giving a special charge requested by intervener. The charges complained of are:

. "(6) All property held by R. W. and Lavinia Caffey at the time of their separation is, in the absence of evidence to the contrary, to be presumed to be their community property. This instruction is to be read in connection with paragraph 9 hereof."

"(9) If the money or part thereof paid for such 454 acres was common funds of R. W. and L. Caffey, it is to be presumed from the fact that the deed was in the name of L. Caffey, that said R. W. Caffey made a gift to his wife of his money that went into said land, and unless some of the funds of J. K. Cooksey went to the purchase of said land, the same was the separate estate of Mrs. L. Caffey, and in that case she might convey the same to R. W. Caffey through the trustee, Hodge, provided she did not act under duress and there was a valuable consideration for the same."

Special charge asked by plaintiff, and given: "You are charged that, as between husband and wife, when the land is negotiated for by the husband and at his instance is deeded to his wife, the law presumes that such conveyance was intended as a gift or donation to the wife by the husband, and such property would be considered the separate property of the wife, and the burden of proving otherwise is upon the husband or those claiming under him, except innocent purchasers for value."

Our Supreme Court has passed upon the construction to be given a deed to property taken in the name of the wife during the existence of

the marriage relation in numerous cases. The leading case seems to be the case of Higgins v. Johnson, 20 Texas, 389. In that case Chief Justice Hemphill, speaking for the court, in a very able opinion lays down the law governing this question, from which we deduce the following rules:

1. Where, during the existence of the marriage relation, a deed to property is taken in the name of the wife, for an onerous consideration, and there is no recitation in the deed as to what estate furnished the consideration, the presumption is that it was purchased with community funds, and that such property so purchased is community property. This presumption may be rebutted by proof that it was the intention of the husband in taking the deed in the wife's name to make the property her separate property.

2. If the evidence shows the consideration was the separate property of the husband, then it will be presumed that in taking the deed in the wife's name the husband intended to make a gift of the property to the wife.

3. If the evidence shows the property was purchased with the separate estate of the wife, and the deed is taken in her name, the property remains her separate property.

These rules are applicable to a case arising between husband and wife, or their heirs, legatees, or representatives, and are sustained by the following authorities: Higgins v. Johnson, 20 Texas, 389; Smith v. Strahan, 16 Texas, 321; Dunham v. Chatham, 21 Texas, 244; Story v. Marshall, 24 Texas, 307; Baldridge v. Scott, 48 Texas, 189; Smith v. Boquet, 27 Texas, 513; Johnson v. Buford, 39 Texas, 248.

It is not true that, from the sole fact that the deed to property acquired during the existence of the marriage relation is taken in the name of the wife, the presumption arises that it was intended as a gift to her. As before stated, it may be shown that such was the intention of the husband in having the deed so made. It follows that paragraph 9 of the court's charge and the special charge given at plaintiff's request were error. If the deed made by Mrs. Caffey to the trustee Hodge was made under duress, then the question as to whether the land in dispute was the community property of R. W. Caffey and Lavinia Caffey, or whether it was the separate property of Mrs. Lavinia Caffey, were material issues in the case. If the land was the community property of R. W. and L. Caffey, then R. W. Caffey was authorized to dispose of one-half of it by will. If it was purchased with funds belonging to the estate bequeathed by the will of J. K. Cooksey, then it became subject to the terms of said will, and upon the death of Mrs. Caffey, intervener became entitled to the same. There was evidence tending to support each of these contentions. The charge of the court as to the presumption arising from the fact that the deed was taken in the name of Mrs. Caffey, under this condition of the record, became material, and is reversible error.

Appellants present the proposition under their second, seventh, and thirty-seventh assignments of error, that when there are two causes of

action set up, and the plaintiff recovers only upon one of them, the cost of the other should be charged against plaintiff.

The intervener in this suit sought to recover the land described in his plea of intervention, and also sought to recover from the appellants as executors of the will of R. W. Caffey the rents of the land since said executors took possession of the same. The jury found for intervener for the land, but did not find rents. It appears that the rents were sought to be recovered as an incident to the recovery of the land. It does not appear that any additional costs were made necessary by reason of intervener's seeking to recover rents. The costs were properly taxed against appellants.

Appellants under their sixth and thirty-fifth assignments of error present the following proposition: "The sale by a trustee of the property held is a repudiation of the trust, and at once sets in motion limitation against the beneficiary."

The intervener alleged that the property in dispute was purchased with money belonging to the estate of his father, in which his mother under the will took a life estate; that his father died in 1870, leaving a will under which the wife was to take a life estate in the property, and at the wife's death it was to go to the son, intervener herein. He further alleged, that in 1882 the land in dispute was purchased with money belonging to the estate of J. K. Cooksey, deceased, and the deed to the same was taken in the name of Mrs. Caffey (formerly Mrs. Cooksey).

The proof shows that in 1884, Mrs. Caffey, in the division of the property between herself and R. W. Caffey, deeded the property in controversy to a trustee, who deeded it to R. W. Caffey. Intervener became of age April 26, 1886. He filed his plea of intervention in this suit on October 16, 1896. Under the will of J. K. Cooksey, his wife Mrs. Cooksey took a life estate in all his property, and at her death the property went to the son, James B. Cooksey, appellee. If the land involved in this suit was purchased with the funds belonging to the estate bequeathed by the will of her former husband, then said land became subject to the terms of the will. When she, Mrs. Caffey, conveyed the land to the trustee, to be conveyed by said trustee to R. W. Caffey, said Caffey having knowledge that the land was purchased with funds belonging to her first husband, took only such estate in the same as Mrs. Caffey had, which was a life estate. No right of action accrued to the intervener until after the death of his mother.

Appellants' fourteenth, fifteenth, and sixteenth assignments of error complain of the action of the court in admitting in evidence, over defendants' objections, the answers of Mrs. Caffey in reference to her treatment by R. W. Caffey, and showing the circumstances under which the partition between herself and R. W. Caffey was made.

This evidence was passed upon by this court on the former appeal of this case, and held admissible. We do not deem it necessary to add anything to what was there said. 12 Texas Civ. App., 616.

The court did not err in admitting the testimony of the intervener as to

conversations between Mr. and Mrs. Caffey had in his hearing, and as to threats made by Mr. Caffey against Mrs. Caffey in such conversations. The intervener was not seeking to recover either as an heir or legal representative of R. W. Caffey, and hence the statute (article 2302, Revised Statutes) does not make his testimony incompetent. Wootters v. Hall, 83 Texas, 564.

Appellants' tenth assignment of error complains of the court's action in admitting in evidence, over defendant's objections, the depositions of Mrs. Lavinia Caffey, T. J. Saxon, and M. S. Finch, Sr. It is insisted that these depositions were all taken before the appellee's plea of intervention was filed herein, and when the issues raised by the pleadings were different from what they were after the intervention was filed; and that the interrogatories upon which said depositions were taken were crossed by defendants upon the theory that the true issues were then presented by the pleadings, and defendants not then having any notice of the claim asserted by the intervener, did not cross the interrogatories with the view of adducing evidence on the issues presented by said plea of intervention; and further, the intervener was not then a party to the suit.

We do not think there is merit in this contention. The pleadings in a cause are often amended and new issues made after the taking of depositions, but this does not render the depositions on file incompetent. The court did not err in admitting the depositions in evidence.

Appellants' thirty-fifth assignment of error complains of the action of the court in admitting, over defendants' objections, evidence to the effect that R. W. Caffey was not an Odd Fellow. We do not think this evidence was competent, and it should not have been admitted.

Appellants complain of the action of the court in admitting in evidence, over objections thereto, the depositions of the witnesses H. F. Tarer, A. P. Haynes, A. T. Haynes, and Mrs. A. P. Haynes; the objection being that the depositions were taken in June, 1896, while the case was pending under the pleadings of the original sole plaintiff and prior to the filing of the plea of intervention in October, 1896, and while the case was pending on appeal in the Court of Civil Appeals, and before the mandate of that court had been issued or filed in the District Court.

The original suit was filed by Mrs. Caffey, the mother of intervener Cooksey. Mrs. Caffey alleged that the property in dispute was purchased with her separate funds. The case was tried and an appeal taken to this court, and on February 22, 1896, the former judgment for plaintiff was reversed and the cause remanded. 35 S. W. Rep., 738. The mandate was not filed in the District Court until October 9, 1896. The interrogatories were delivered to appellants' attorneys to accept service and cross on May 26, 1896. Said attorneys accepted service, "reserving the right now and at all times hereafter to object and except to the manner and form and substance of said interrogatories, and the answers that may be made to them, and to the manner and form of taking or the return thereof should any irregularity appear, and agree, upon such conditions, that a commission may issue at once," etc.

We think that the effect of this acceptance was to waive the objection that at the time the commission issued and the depositions were taken the mandate from this court on former appeal had not then been filed in the District Court.

We do not think that the depositions were incompetent on behalf of the intervener by reason of the same having been taken before the plea of intervention was filed and after the issues to some extent were changed thereby.

For the error in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*