LAVINIA McCONNICO ET AL. V. MRS. J. B. THOMPSON ET AL.

Decided November 5, 1898.

**1. Trespass to Try Title—Pleading—Stale Demand.**

The plea of stale demand is proper in an action of trespass to try title where the petition merely alleges ownership and possession without showing whether the title is a legal one or an equitable one subject to such plea, as proof of either kind of title will sustain the averment.

**2. Same—Limitations Against Remainderman.**

The owners of an estate in fee subject to a life estate in one-third of the tract may maintain an action to recover possession of the entire tract as against a stranger or trespasser having no title; and hence the statute of limitations will run against them during the continuance of the life estate.

**3. Limitations—Coverture—Burden of Proof.**

The burden of proving coverture at the expiration of the period during which the statute of limitations was suspended is upon one who contends that the statute did not commence to run against her at the time because of her coverture.

**4. Same—Same.**

The burden of proving coverture on the 30th of March, 1870, the time at which the period of the suspension of the statute of limitations expired, is not discharged by proof of marriage in 1870.

APPEAL from Tarrant. Tried below before Hon. IRBY DUNKLIN.

*Frost, Neblett & Blanding,* for appellants.

*Robt. G. Johnson, Capps & Cantey, Humphreys & McLean,* and *W. R. Sawyers,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellants in the District Court of Tarrant County against appellees on the 21st day of February, 1896. The defense was not guilty, the five and ten years statutes of limitation, and stale demand. The replication was coverture. The court directed a verdict for the defendants, and judgment was rendered accordingly.

The land was the community property of Thomas I. Smith and wife Louise. They acquired it as a locative interest under a land certificate issued to J. M. Shreve. Smith died in 1848, leaving Louise, his widow, and one child, a son, W. T. Smith. The widow married C. M. Winkler in 1848, and died in November, 1862. The land was patented in October, 1870, to Hamilton, assignee of Shreve, who had previously conveyed the same to the heirs of Thomas I. Smith, to wit, in 1852.

Mrs. Winkler left surviving her, besides her husband aforesaid, three

daughters, Lavinia, Mary, and Kate, issue of her marriage with Winkler. Winkler died in 1882. Lavinia was married to A. D. McConnico in 1870, but the record fails to show in what month or day of the month. Mary was married to S. R. Frost in January, 1872. Both were minors, under the age of 21 years, when they were married, and both are still living with their said husbands. Kate was also married while a minor, in November, 1872; but her husband having died in November, 1875, and she never having married again, appellants admit that she is barred by limitation.

The appellees and those under whom they claim title have had and held peaceable, continuous, and adverse possession of the north half of the land since the first day of January, 1852, and of the south half since February 8, 1858, using and cultivating the same, and paying all taxes thereon, holding the same under deeds duly registered, and claiming full title thereto against the world.

The first and second asignments of error complain of the court's action in overruling the appellants' demurrers to appellees' plea of stale demand, which we overrule, because the petition did not disclose on its face that the title of the plaintiffs was not an equitable title such as would be subject to the plea, it being the formal petition usual in our real actions, alleging simply ownership and possession on a day certain, and that on that day the defendants forcibly entered the premises and ejected the plaintiffs therefrom. The allegation of ownership in such case is sustained by evidence of either a legal or equitable title, but the form of the petition does not indicate to the defendants which kind of title will be relied upon on the trial, and hence it was proper to plead stale demand as well as the statutes of limitation. The plea was in proper form, and therefore said assignments are overruled.

The court below directed a verdict for defendants, and this peremptory action of the court is assigned as error; but we think the evidence clearly and indisputably showed that the appellants' right of action was barred both by the five and by the ten years statutes of limitation—the legal question in the case being when limitation began to run against them. The facts as above indicated show that the defendants had been in adverse possession of all the land since February, 1858. This suit was filed in 1896. The statute, we will concede, did not run against Thomas I. Smith, nor against his widow and heirs down to the date of her death; but the widow died in November, 1862, leaving Judge Winkler as survivor and the three daughters, appellants herein. It did not begin to run against her surviving husband or children at the date of her death, because our statute provides that the "laws of limitation of civil suits in this State shall be considered as suspended during the late civil war, commencing on the 28th day of January, 1861, and ending on the 30th day of March, 1870." Rev. Stats., art 3366. At the date of her death her husband inherited from her, under our statute, a life estate in one-third of this land, and her children, the appellants, the fee simple title

to the whole of it; but they had no right to the possession of the one-third life estate cast upon their father, as against him, until his death, and he did not die until 1882; but, as tenants in common with him, they did have the right to sue and recover in their own names the entire premises, as against strangers or trespassers having no title, in which character we must view the appellees, for the purposes of this suit. Watrous v. Mc-Grew, 16 Texas, 506, and cases following.

But it may be insisted that on the 30th day of March, 1870, when the suspension of the statute ceased and terminated, the appellants were married women (for the disability of minority is not pleaded), and that therefore the statute did not begin to run against them, and having remained married up to the time of filing the suit, they are not barred. Upon the issue of coverture raised by appellant's replication, the burden was upon them to prove that coverture existed on the day the suspension of the statutes terminated, and we think appellants failed to produce any evidence tending to establish the fact so pleaded by them. As to Mrs. Kate Morris, it is admitted that she was barred. As to Mrs. Mary Frost, the evidence is undisputed that she was never married until January, 1872, and therefore it began to run against her, unless her minority would save her, and that was not pleaded and hence can not be relied upon, and would not have availed her anything had it been pleaded.

It remains then for us to determine whether Mrs. Lavinia McConnico was married on the 30th day of March, 1870. The evidence contained in the record shows only that she was "married in 1870." This is no evidence that she was married prior to March 30, 1870, and unless she so proved, limitation began to run against her on that day, and of course she is barred also. The court therefore did not err in directing a verdict for the defendants.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.