IRA MILLICAN ET AL. V. JAMES MCNEILL ET AL.

No. 1895.   Decided December 16, 1908.

**1.—Administrator—Interest in Land—Deed—Estoppel.**

A deed by an administrator purporting to convey land as property of the estate, passes by estoppel his personal interest in such land, independent of the covenant of warranty in his deed.   (P. 192.)

**2.—Same—Limitation.**

Though an administrator's deed was void, as affecting the interest of the estate, because sale was ordered at a time when the court could not lawfully sit, and action lay and limitation began to run at once against a suit to recover it from those claiming under the sale, yet where it passed by estoppel the administator's personal right to a life estate in an undivided one-sixth interest in the land, limitation did not begin to run in favor of the purchasers as to such interest until action to recover it accrued on the termination of such life estate by his death.   (Pp. 191–193.)

**3.—Void Administrator's Sale—Repayment of Purchase Money.**

Evidence considered and held to show that the heirs had received the benefit in the settlement of an estate, of the price paid by the purchasers on a void administrator's sale, and that the purchasers, pleading their right to equitable subrogation, were entitled, on recovery of the land from them, to repayment of such purchase money with interest from the time that it was applied to the payment of charges against the estate.   (Pp. 193, 194.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Erath County.

McNeill and others sued Millican and others and recovered.   Defendants appealed, and on affirmance obtained writ of error.

*W. W. Moores,* for plaintiffs in error.—The deed of conveyance from McNeill to Moore, coupled with the report and exhibit and affidavit thereto made by McNeill to the Probate Court in 1877, and approved thereof by said court show that McNeill intended by said deed to convey the title of the estate only, and not his individual interest in said lot.   Seay v. Finnell, 15 Texas Civ. App., 261; Brooks v. Young, 60 Texas, 322; Devlin on Deeds, 1310.

If the life estate of McNeill passed to Moore by reason of the administrator's deed being void, it could only pass by estoppel, and could not pass by estoppel because there was no fraud or concealment of this vice as to the deed being void by McNeill, nor was Moore, the purchaser, ignorant of the vice, namely that the order of sale was made by the court in vacation, because the probate record showed the vice and therefore the purchaser Moore was chargeable with notice thereof, and these elements of estoppel being wanting, title by estoppel did not pass.   Bynum v. Preston, 69 Texas, 287;

Tucker v. Smith, 68 Texas, 473; McNally v. Haynes, 59 Texas, 583; Washburn on Real Property, 76.

Defendants in error not being parties or privies to the contract of sale by McNeill as administrator to Moore, can not by reason of said sale being void claim the benefit of the estoppel to avoid the force of the statutes of five and ten years limitation plead and proven by plaintiffs in error. Mayfield v. Robinson, 22 Texas Civ. App., 385; Illg v. Garcia, 92 Texas, 251; 3 Washburn on Real Property, 86.

The long acquiescence in the sale of the entire lot No. 101 by McNeill to Moore, and permitting various other persons to buy this lot under the Moore title through deeds duly made and recorded and valuable considerations paid, estopped defendants in error from asserting herein that McNeill's life estate passed to Moore by estoppel. Thomas v. Brooks, 6 Texas, 369, 372.

Defendants in error owning a fee simple 2-6 of said lot No. 101 exclusive of McNeill's 1-6 life estate, had the right to sue for joint possession of said lot No. 101 with said J. M. Williamson as cotenants; and failure to do so, and permitting the five years statutory period of limitation to elapse under J. M. Williamson's adverse holding of said lot would bar defendants in error from recovering the land in controversy. Elcan v. Childress, 40 Texas Civ. App., 193; McConnico v. Thompson, 19 Texas Civ. App., 539; Mayes v. Manning, 73 Texas, 43.

Because the administrator's deed from McNeill to Moore conveying lot No. 101 was void, said lot continued to form a part of the estate of John M. Stephen, and McNeill as administrator not being able consistently to recover the said lot from Moore that he had conveyed to him and defendants in error under these conditions, being the heirs of John M. Stephen, could have brought suit to recover said lot from Moore or his assigns, and failing to do so and permitting the five year statutory period of limitation to elapse under J. M. Williamson's adverse holding bars the recovery by defendants in error of the land in controversy. Crain v. Crain, 17 Texas, 81; Rogers v. Kennard, 54 Texas, 30.

To permit the defendants in error to receive the benefit of this purchase money and also recover the land without refunding said money is inequitable. Halsey v. Jones, 86 Texas, 488, and authorities therein cited.

*W. T. Carlton, Eli Oxford* and *M. L. Jackson,* for defendants in error.—Where an administrator acting without authority of the Probate Court, or acting beyond the scope of his authority, sells real estate, his deed of conveyance would be his personal act, and not his act in his representative capacity; and the administrator and not those he represents is bound or estopped by the terms of the deed. Sumner v. Williams, 5 Am. Dec., 82; Schlicker v. Hemenway, 52 Am. St. Rep., 116; DeCoudres v. Union Trust Co., 81 Am. St. Rep., 95; 10 Am. Dec., 169.

Where the administrator owns a life estate in the land conveyed by him under void proceedings, and where such deed of conveyance

purports to convey the entire tract of land and the title thereto, with the usual covenants of sale, such a deed will pass whatever title or interest the administrator has in said land. As to the effect of holding court in vacation, see Campbell and Martin v. Chandler, 37 Texas, 32; Rev. Stats., 1871; Doss v. Waggoner, 3 Texas, 516; Womack v. Womack, 17 Texas 1; Ex parte Ireland, 38 Texas, 344. As to persons acting in a representative capacity, see 11 Am. & Eng. Enc. of Law (2d ed.), 398, and notes; Carothers & Searight v. Alexander, 74 Texas, 309; Berger v. Arnold, 24 S. W., 527; Johnson v. Brauch, 62 Am. St. Rep., 858; 42 Am. St. Rep., 449; 63 Am. Dec., 320, and notes.

Where a purchaser buys land from a life tenant and obtains his title thereto by deed or estoppel, the possession of said purchaser or his grantee does not become adverse to the remaindermen until the life tenant's death, and no cause of action for possession of said land would accrue to the remainderman during the life of the life tenant. See motion for a rehearing in case of Cole v. Grigsby, 35 S. W., 689; Cook v. Caswell, 81 Texas, 678; Govan v. Bynum, 17 Texas Civ. App., 180; Beaty v. Clymer, 32 Texas Civ. App., 322.

Where a deed is made by an administrator and his conveyance is void for want of jurisdiction to make the same, and the parties for whom he is acting sue to recover back the land so conveyed by said void deed, it devolves on the part of the purchaser and those who hold under him to show that the purchase money was paid for the land to the administrator and that the parties for whom he was acting received the benefits thereof before they can be required to tender the purchase money back in order to recover the land, and then only for that part of the land for which they sue. Stephenson v. Marsales, 33 S. W., 383; Laws Twelfth Legislature, page 142, sections 7 to 14 inclusive.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The defendants in error as heirs of John M. Stephen brought this suit to recover of the plaintiffs in error an undivided one-sixth interest in a lot in the town of Stephensville, admitting in their petition that the defendants were the owners of the other five-sixths.

The chief defense was that of limitation, and the question as to its sufficiency depends upon the following facts. John M. Stephen, who owned the lot in controversy, died in 1862, leaving two children, one of whom was the wife of W. W. McNeill. McNeill became the administrator of Stephen's estate and was acting as such as late as 1877. His wife died in 1864 and he inherited from her a life estate in one-third of her half of the real estate which had descended to her from her father and thus became entitled to a life estate in one-sixth of the lot. In 1871 he procured an order for the sale of the lot, which is admitted to be void because it was made at a time when the court could not lawfully sit. He sold the lot to J. W. Moore and executed to him a deed reciting his authority to act as administrator, the order of sale and the sale, and by

which as administrator of the estate he bargained, sold and conveyed the lot to Moore, to have and to hold to him and his heirs in fee simple forever. The deed closed with this covenant: "And I, the said W. W. McNeill, administrator as aforesaid, do covenant with and to the said Moore, his heirs and legal representatives to warrant and forever defend this title to the aforesaid lot, against the claim or claims of any and all persons lawfully claiming or to claim the same or any part thereof, to the extent that I am bound to do according to law as such administrator and no further." The defendants claim under this deed and have held such possession as to bar the claim of the heirs unless it is true that their cause of action for the recovery of the one-sixth of the land first accrued upon the termination of the life estate therein of McNeill by his death, which occurred less than five years before the institution of the action. The contention of the defendants' counsel is that nothing passed by the administrator's deed to Moore, and that those holding the lot were naked trespassers against whom plaintiffs, as owners of undivided interests therein, could have at any time maintained an action for the recovery of the possession of the whole, which contention is based upon the doctrine of the cases of McConnico v. Thompson, 19 Texas Civ. App., 539, and Elcan v. Childress, 40 Texas Civ. App., 193.

The counsel for plaintiffs contend that McNeill's deed passed to Moore his life estate and entitled the latter and his vendees to possession until that estate ended upon McNeill's death, and that plaintiffs' cause of action for the recovery of the remainder only arose upon the happening of that event. The District Court and the Court of Civil Appeals sustained the latter contention, and we are of the opinion that this is correct.

We do not base our opinion upon the covenant of warranty in the administrator's deed, finding it unnecessary to go to the extent of holding that such warranty bound McNeill personally, although there is authority for the proposition. Aven v. Beckon, 11 Ga., 1; note to Allen v. Sayward, 17 Am. Dec., 221, et seq. That question would become important if those holding under the deed were claiming a title acquired by McNeill after its execution. The principle controlling this case is that which estops the maker of a deed purporting to convey an estate of a particular kind from afterwards asserting that such an estate did not pass. McNeill owned the life estate when he made the deed in question and had full power to convey it then. His deed undertakes to convey the lot itself and full title to it as the property of the estate, without mention or reservation of any claim of his own. Although he assumes to convey as administrator, he assumes as well that the title is in the estate, and he should not be heard afterwards to assert that any part of it was in himself. It does not appear that he ever did so claim. While there may be some diversity of opinion on the question, the weight of authority is said to be in favor of the view which we express, and this court has heretofore adopted that view. Corzine v. Williams, 85 Texas, 499; Frisby v. Withers, 61 Texas, 134; 16 Cyc., 712; Brown v. Edson, 23 Vt., 449; Phillips v. Hornsby, 70 Ala., 414; Johnson v.

Brauch, 62 Am. St. Rep., 857. Many of the reported cases are complicated by questions as to the operation of covenants of warranty upon after-acquired titles, which do not arise here. Allen. v. Sayward, 17 Am. Dec., 221.

The limitation put by McNeill upon his covenant of warranty does not attempt to restrict the language whereby he undertook to convey full title to the lot, and does not modify the effect of that language upon the estate then held in his own right. His deed said to the grantee that the property belonged to the estate, and it would be a fraud to permit him afterwards to say that it belonged to him, and this is a just reason, aside from the technical learning upon the subject, for holding him bound. It follows that those who thus became invested with the title to his estate for life were rightfully in possession of the land as joint owners until that estate terminated, and that the heirs of Stephen, whose title to the remainder did not pass by the administrator's sale, had no right of action to recover from them their interest burdened with the life estate so long as the latter existed.

Another objection to the judgment is that the heirs were not required to refund the purchase money paid for the property which went to discharge debts by which their title was encumbered. This equity was pleaded by the defendants and the principle invoked is well settled by the decisions of this court. Only one need be cited. Halsey v. Jones, 86 Texas, 488. The Court of Civil Appeals did not apply the principle because it thought the fact relied on was not shown by the evidence. The record shows that in 1877 the administrator made an exhibit to the Probate Court showing the receipt of monies including $150 as the purchase money of the lot in question, and showing further that after allowing all credits to which the estate was entitled there remained a large balance due to him. This was approved by the court. From this it plainly appears that after the estate was credited with this purchase money it still owed the administrator. The approval of the exhibit establishes this result and necessitates the conclusion that the money was applied to the payment of legal charges against the estate. The proof upon the subject is in the same condition as was that in Halsey v. Jones. There, the final report of the administrator showed a claim in his favor which was established by the order of the Probate Court, in payment of which the land in controversy was turned over to him by the order. It was held that the title did not pass, but that the action of the court showed that a debt of the estate was discharged and that the heirs, before recovering the property, must pay that debt with interest. The proceedings here show with quite as much certainty that the purchase money of this land was applied to charges allowed and established by the court. The purchase money was received by the administrator at the date of the sale, but we are of the opinion that interest upon it is chargeable to the heirs only from the time at which it was applied to the payment of charges against the estate. The record does not show any date at which this was done earlier than that at which the

exhibit was filed. Interest will therefore be calculated from that date. On the authority of the case referred to the judgment will be reformed so as to allow the plaintiffs below to recover the interest sued for, conditioned upon the paying to the defendants within six months from the date of this judgment the sum of twenty-five dollars ($25) which is one-sixth of the purchase price of the lot ($150) with interest thereon at six percent from May 24, 1877. The costs of appeal and writ of error will be adjudged against defendants in error.

*Reformed and affirmed.*