### THE McCULLOCH COUNTY LAND AND CATTLE COMPANY v. GEORGE WHITEFORT.

Decided May 10, 1899.

**1.  Deed—Description—Reference to Patent.**

A deed omitting to mention the county or State in which the land was situated, but which refers to and identifies the patent, by which such omission is supplied, contains a sufficient description of the land conveyed.

**2.  Ancient Deed—Power of Attorney.**

In support of a conveyance of land more than twenty years old, purporting to be made by attorneys, whose power is not produced, the execution of such power will be presumed, where the deed was on record and no subsequent claim was asserted by the grantor, and where, after suit was commenced, he had executed a release affirming the act of such attorneys.

**3.  Deed—Power of Attorney to Firm—Execution—Acknowledgment.**

A power to convey land may be granted to a firm; and such power may be properly executed under the firm name and the act of acknowledgment made by one partner as its agent.

**4.  Evidence—Deed of Release After Suit Begun.**

A release of title by a former owner, made after suit commenced and in recognition of a former conveyance by one claiming to be his attorney in fact, was admissible in evidence to show ratification of such attorney's act and the grantor's knowledge of such conveyance by his attorney, in aid of the presumption of a power to support it as an ancient deed.

APPEAL from McCulloch.   Tried below before Hon. J. O. WOODWARD.

*F. M. Newman,* for appellant.

*John R. McGee,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action of trespass to try title by George Whitefort, against appellant, to recover two tracts of land described in the plaintiff's petition.   Appellant pleaded not guilty and limitation of five and ten years.   In response to the pleas of limitation, the plaintiff pleaded minority, stating that he was a minor at the time defendants went into possession, and his minority continued until September, 1897.   Judgment below was rendered for plaintiff.

We find the following facts: One of the surveys in question was granted to Andreas Brenstedt by patent issued on the 24th of May, 1859, and the other survey was granted to said Brenstedt by patent dated on the 3d of February, 1849. Brenstedt conveyed both tracts to Joseph Ennis on November 13, 1864. This deed sufficiently describes and identifies the land so as to correspond with the description given in the patents, except that it does not state the county in which the land is located; but the deed states that the patents, which fully describe the land, "are parts and parcels of this conveyance."

On the 24th of April, 1871, Ennis, through his attorneys in fact, Wheeler & Moore, conveyed the land in question to G. W. Miller. This deed was signed "Joseph Ennis, by his attorneys in fact, Wheeler & Moore," and was acknowledged before a notary public of Travis County by T. B. Wheeler, who, the notary's certificates states, was of the firm of Wheeler & Moore. Another deed was executed April 25, 1898, after the suit was brought, by Joseph Ennis, which was in the nature of a release and quitclaim unto G. W. Miller of the lands in controversy, in which he recites and states the former conveyance made by the attorneys, Wheeler & Moore, to Miller, and which Ennis ratifies and confirms, and in effect states that Wheeler & Moore were his agents in making the former deed of the 24th of April, 1871.

Plaintiff introduced a deed from G. W. Miller to one John McEwen, of date May 26, 1871, conveying one of the surveys in question. Plaintiff introduced a deed from McEwen to the appellant George Whitefort, conveying one of the surveys in question, which deed is dated June 9, 1877. Plaintiff introduced a deed from G. W. Miller to R. W. Felter, conveying the other tract in question, dated May 3, 1873; and introduced a deed from Felter and wife to Geo. E. Stewart, conveying that tract, dated October 25, 1875, and deed from Stewart to Whitefort, dated 1st day of August, 1877, conveying one of the surveys in question. Deed from Whitefort to Wanesboro, conveying both tracts, and from Wanesboro back to Whitefort.

It is unnecessary to state the defendant's title, as it has shown no title superior to that of the appellee, and it could only be considered in connection with its plea of limitation, but there is no merit in the plea, because plaintiff was a minor from the time that the appellant went into possession up to about the time of filing suit.

The first assignment of error complains of the ruling of the court in admitting the deed from Brenstedt to Ennis, because it fails to show in what State and county the land is situated. There is no bill of exception, except the objection to the deed that we find stated in the statement of facts. But, if we consider that this is a valid exception and that the question is before us, the face of the deed itself refers to the patents, which are made a part of the conveyance and which properly describe the land.

There are several assignments of error objecting to the introduction of the deed from Joseph Ennis, by his attorneys Wheeler & Moore, to

G. W. Miller.    One of the grounds of objection is that a power can not
be conferred upon a firm to execute a conveyance to land, and that if
such power could be conferred, both members of the firm must execute
and acknowledge the deed.    Second, that no power of attorney was pro-
duced, and that parol evidence was not admissible showing the contents
of the power, because its nonproduction was not accounted for.    It was
further objected to because there was no evidence showing that Wheeler,
who acknowledged the deed, was a member of the firm of Wheeler &
Moore.

The deed executed by Ennis, through his attorneys Wheeler & Moore,
was made in 1871, and was much over twenty years of age at the time
of the trial of this case in the court below.    The evidence in connection
therewith shows that Ennis never laid any claim to the land since the
time that the deed was executed.    He evidently knew of the existence
of the deed, because it was of record; and as confirmation of that fact,
after the pendency of the suit he executed, on the 25th of April, 1898,
a deed in which he admits the execution of the former deed by his attor-
neys Wheeler & Moore, and in effect, admits that they were his agents
at that time, and ratifies fully their conduct in the execution of the deed
of date 1871.    Under these circumstances, connected with the long
lapse of time since the deed of Ennis, through his attorneys Wheeler &
Moore, was executed, the court could presume the existence of a power
to execute the deed, and proof of the execution of a power of attorney
from Ennis, under such circumstances, was not necessary.    Watrous v.
McGrew, 16 Texas, 514; Dailey v. Starr, 26 Texas, 564; Harrison v.
McMurray, 71 Texas, 128.

The officer states in the acknowledgment to the deed that Wheeler
was a member of the firm of Wheeler & Moore, and the acknowledgment
is in other respects within the form prescribed by statute.    We know
of no rule of law that prevents a firm from acting as agents; and when
the firm is authorized to act as agents, it is proper that in executing in-
struments within their authority they should be signed in the firm name.
The deed in question was signed "Joseph Ennis, by his attorneys in
fact, Wheeler & Moore."    Joseph Ennis had the right to make Wheeler
& Moore his attorneys, and it was proper that they, in performing their
duties as agents, should act under the firm name of Wheeler & Moore.
This was done, and when the act was that of the firm, it was proper that
its act could be acknowledged by one of the members.    Each member
of the firm is agent of the firm, and, within the scope of the firm busi-
ness, could act for the firm; and Wheeler, in making his acknowledg-
ment, was acting for the firm.    It was the firm that was acting in exe-
cuting the conveyance, and the act of Wheeler was that of the firm.

The deed executed by Ennis after suit was brought was admissible.
While it might not be considered as establishing title, still it was admis-
sible for the purpose of establishing ratification by Ennis of the conduct
of Wheeler & Moore in executing the deed in 1871; and it was further
admissible for the purpose of showing that Ennis knew of the execution

of that deed, because his knowledge of the deed of 1871 was an important fact to be considered in connection with the lapse of time since that deed was executed, in determining whether effect should be given to the presumption that the power existed in Wheeler & Moore to execute the deed.

We have considered the other questions raised, and conclude that no error is pointed out that should cause a reversal of the judgment. Therefore the judgment below is affirmed.

*Affirmed.*

Writ of error refused.