# FIRST DISTRICT 1895.

### J. J. BYNUM ET AL. v. JAKE GOVAN ET AL.
#### No. 769.

1. **Void Execution Sale—Death of Defendant.**—A sale under execution, issued after the death of a sole defendant, when the judgment is for money, is void.

2. **Same—Independent Executor.**—Where a judgment has been obtained against an independent executor, the statute authorizes the issuance of an execution against him to be levied on the property in his hands belonging to the estate of his testator; but where the judgment is against the testator, no such statutory provision exists.

**3. Same—Refunding Purchase Money.**—But while the execution is ·void, a party can not have the sale annulled and recover the land back without refunding the purchase money, paid by the purchaser at the execution sale, with legal interest from date of purchase.

APPEAL from Houston. Tried below before Hon. A. B. WATKINS.

*H. W. Moore,* for appellant.—1. The law does not in any case authorize the issuance of an execution against the estate of a deceased party, and a sale of the property of the estate under such an execution will not pass title. The court erred in submitting the last part of the first question in charge, to wit: "Was it issued against Ann P. Albright, executrix, and the estate in her hands?" This would only be a proper question when the judgment was recovered against the executrix, and all the pleadings and evidence showed the judgment was rendered against William Albright in his life-time. Sayles' Civ. Stats., art. 1943, and decisions under that article.

2. The pleadings and evidence are conclusive that there was no lien retained on said land, and hence no law for refunding the purchase money. Sayles' Real Estate Laws of Texas, sec. 1032; Northcroft v. Oliver, 74 Texas, 162.

*Adams & Adams* and *J. R. Burnett,* for appellants.—Under the verdict the proper judgment was rendered, and it appearing that the execution was issued against the estate of William Albright in the hands of his independent executrix, and that the sale was duly made and the proceeds applied to the payment of the judgment, the sale was not void.

PLEASANTS, ASSOCIATE JUSTICE.—In November, 1872, a judgment was rendered in the District Court of Houston County in favor of W. H. Corley for all costs of suit, against William Albright; and from that judgment Albright appealed to the Supreme Court, and that court affirmed the judgment; and a motion of Albright, after the cause was remanded to the District Court, to retax the costs, being overruled, he again appealed to the Supreme Court, and that court affirmed the judgment, denying the motion, on the 10th day of March, 1881. Albright died December 28, 1878, having made his will, whereby he appointed his wife, Ann P. Albright, independent executrix, who duly qualified in March, 1879. The testator bequeathed and devised his entire estate, real and personal, to his wife for the term of her life, or during her widowhood, with remainder to his children, the appellants here. After the affirmance of the second judgment in the suit of Albright and Corley, by the Supreme Court, execution was issued by Corley on the judgment rendered in 1872, and levied on the land in controversy, then in the possession of the widow of Albright, and executrix of his will, the same being the land devised by the will of

Albright to his widow and children; and at the sale had under the levy, the appellee James Hail became the purchaser of the land for the sum of $1124, which sum was received by the sheriff and appropriated towards the payment of the judgment upon which the execution had issued. The widow of Albright died in 1889, and the appellants brought suit against appellees, who claimed under said levy and sale, to cancel the sale and recover the land. Upon trial of the cause verdict and judgment were rendered for the defendants, and the plaintiffs have appealed to this court, and have assigned various errors, which, in the view we take of the case, need not be discussed. From the issues submitted to the jury, we infer that the trial court held, if the execution was issued against Mrs. Albright, the executrix of the will of the defendant in the judgment, and the property of her testator's estate, and not against the deceased defendant, that the execution was valid, and that the levy and sale made thereunder would convey title to the purchaser. It is well settled in this State, that a sale under execution issued after the death of a sole defendant, when the judgment is for money, is void. Hooper v. Caruthers, 78 Texas, 432; McMiller v. Butler, 20 Texas, 402; Conkrite v. Hart & Co., 10 Texas, 140. And this seems to be the rule at common law, according to the great weight of authority in America. Unless, therefore, the statutes of this State authorize the issuance of an execution upon a judgment for money, after the death of the defendant, against the independent executor of his will and the property of his estate in the possession of the executor, it is immaterial whether the execution in this case issued against the defendant Albright after his death, or against his executrix and the property of her testator. In either case, in the absence of a statute authorizing the issuance of the execution, it would be void. We know of no such statute. When a judgment has been obtained against an independent executrix, the statute authorizes the issuance of an execution against the executrix, to be levied upon the property in her hands belonging to the estate of her testator. But here the judgment was not against the executrix, but against her testator.

We are of the opinion, therefore, that the execution and sale under which the appellees assert title to the land in controversy is null and void, and should be canceled. But while the execution is void, the appellants can not have the sale annulled and recover the land without refunding the purchase money paid by the purchaser at the sale under execution, with legal interest thereon from the date of the purchase. Halsey v. Jones et al., 86 Texas, 488, and authorities therein cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 14, 1895.