### JAKE GOVAN ET AL v. J. J. BYNUM ET AL.

Delivered November 18, 1897.

**1. Execution Issued After Death.**

The clerk has no authority to issue an execution on a judgment after the death of the judgment debtor, where the judgment was rendered before his death; and the sale and sheriff's deed thereunder are void.

**2. Limitations Against Remainderman.**

The statute of limitations does not begin to run against remainderman until after the death of the life tenant.

APPEAL from Houston. Tried below before Hon. C. H. GOULD, Special Judge.

*Nunn & Nunn,* for appellants.

*H. W. Moore,* for appellees.

GARRETT, CHIEF JUSTICE.—This is an action of trespass to try title brought by the appellees as the devisees of William Allbright, deceased, to recover of the appellants 702 acres of land, part of the Collin Aldrich league, situated in Houston County. The land was claimed by the appellant J. W. Hail through a sheriff's deed to him under an execution issued upon a judgment recovered against William Allbright in the case of W. F. Corley v. William Allbright. On a former appeal by the present appellees, the execution sale and the sheriff's deed were held to be void, and the judgment of the court below in favor of Hail for the recovery of the land was reversed and the cause remanded. 29 S. W. Rep., 1119. The facts are as follows: In November, 1872, a judgment was rendered in the District Court of Houston County in favor of W. F. Corley against William Allbright for costs of suit, in cause number 1692, William Allbright v. W. F. Corley, and from that judgment Allbright appealed to the Supreme Court, and that court affirmed the judgment of the court below in the year 1874. After the mandate of the Supreme Court upon this judgment had been filed in the court below, Allbright made a motion in the District Court to retax the costs of the suit, which was overruled. From this order Allbright appealed to the Supreme Court, and that court affirmed the judgment of the District Court overruling the motion to retax, on the tenth day of March, 1881. Pending the appeal from the judgment of the court on the motion to retax the

costs, to wit, December 28, 1878, Allbright died, leaving a will whereby he appointed his wife, Ann P. Allbright, independent executrix, and she qualified in March, 1879. The testator bequeathed his entire estate, real and personal, to his wife for the term of her life, or during her widowhood, with the remainder to his children, the appellees here.

After the affirmance of the second judgment in the suit of Allbright v. Corley, an execution was issued out of the District Court of Houston County on the judgment rendered in 1872, and levied on the interest of William Allbright in 1452 acres of land, a portion of which is the land in controversy, then in possession of the widow of Allbright, executrix of his will, and at the sale had under this execution the appellee, James W. Hail, became the purchaser of the land for the sum of $124, which was received by the sheriff and applied to the payment of the judgment upon which the execution was issued. The widow, Ann P. Allbright, died in 1889, without ever having married again, and the appellants brought this suit against the appellees to recover the land. The court below in its charge to the jury followed the decision of this court on the former appeal, and verdict and judgment were rendered in favor of the appellees for the recovery of the land, and in favor of appellant Hail for the return of his bid, with interest. Upon the second trial the appellants pleaded the statute of limitations of three, five, and ten years, and the matters presented on this second appeal are, first, that the execution, sheriff's sale, and deed were not void, but at most voidable, and not subject to attack in a collateral proceeding; and that the court erred in refusing the instruction upon limitations requested by appellants; and in instructing the jury that limitation would not commence to run until after the death of Ann P. Allbright.

Upon the former appeal of this case, it was held that the execution and the sale thereunder, and consequently the deed through which the appellant James W. Hail claims title to the property in controversy, were void and inoperative to vest any title in him. We see no reason to change the conclusion then reached. The appellants insist that by force of articles 1044 and 1057 of the Revised Statutes of 1879, an execution was authorized against the property of William Allbright, deceased, in the hands of the independent executrix of his will, Ann P. Allbright, upon the filing of the mandate of the Supreme Court, without any further order or decree of the District Court. Article 1044 provides that no cause shall abate in the Supreme Court by reason of the death of a party pending appeal; that the court shall proceed to adjudicate the cause as if all the parties were still living, and that such judgment should have the same force and effect as if rendered in the lifetime of all the parties thereto. In the case of a living person it would be the duty of the clerk to issue execution upon the filing of the mandate, without further order of the district court. Art. 1057. Suppose, however, the defendant should be dead when the clerk came to issue an execution, although alive at the time of the rendition of the judgment; the clerk would then be without authority to issue an execution. Rev. Stats. 1879, art. 2275.

An independent executor may be sued, and when judgment is rendered against. him, execution may run against the estate of the testator in his hands. Rev. Stats. 1879, art. 1943. There was no suit against Ann P. Allbright, and she was never a party to the suit of Allbright v. Corley. No opportunity was given to her in any manner to try the question as to whether or not execution should run against property of the estate in her hands. The authorization by the statute of execution against the estate of the testator in the hands of an independent executor is only in the enforcement of the judgment in a suit to which the executor is a party. The clerk of the court certainly has no authority to determine the question necessarily involved in the issuance of an execution against the independent executor of a party who has died since judgment.

But what has been said relates to a case where the party has died pending appeal. The execution under which Hail claims was issued upon the judgment rendered by the District Court in 1872, and affirmed by the Supreme Court in 1874, long before the death of Allbright, which occurred in 1878. This fact is shown by the execution docket and the recital in the deed, the execution itself being lost. Such being the case, there is no room to invoke the construction of the articles of the Revised Statutes sought by the appellant. The judgment which was affirmed by the Supreme Court after the death of Allbright was that of the District Court upon a motion to retax costs in the cause 1692, William Allbright v. W. F. Corley, and from which Allbright appealed, and died pending appeal.

There was no limitation. Ann P. Allbright, who, under the will, owned the life estate, died in 1889, in widowhood, and the appellees, who are the remaindermen, brought this suit for the recovery of the land in 1890. Their cause of action did not accrue until the death of the owner of the life estate. Cook v. Caswell, 81 Texas, 684; 13 Am. and Eng. Encyc. of Law, 720, and authorities cited. Limitation did not commence to run until the cause of action accrued.

Upon the cross-assignments of the appellees, we are of the opinion that there was no error in allowing the appellant Hail to recover of them the amount of his bid and interest.

There is no error in the judgment of the court below, and it will be affirmed.

*Affirmed.*