COLE et al. v. LEWIS et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 28, 1913.)

1. MORTGAGES (§ 151*)—PRIORITY BETWEEN MORTGAGE AND JUDGMENT.

A vendee of 480 acres of land subject to a vendor's lien conveyed 200 acres, reserving a vendor's lien thereon in his own favor. He subsequently assigned the vendor's lien and notes to plaintiff. The original vendor thereafter obtained judgment for the amount due him, about $400, and a decree of foreclosure of his lien. On plaintiff's intervention it was decreed that the 280 acres still owned by the original vendee should be first sold, and the 200 acres only in the event that the proceeds of the 280 acres should be found insufficient to satisfy the judgment. Plaintiff thereafter received a conveyance of the 200 acres in satisfaction of his notes, and reconveyed to other parties, reserving a vendor's lien. The original vendee subsequently executed a mortgage on the 280 acres to a bank for the amount of an unsecured indebtedness due it, and the amount of the judgment in the foreclosure suit which it paid, taking a transfer of the judgment. After the original vendee's death the bank procured an order of the probate court directing the sale of the 280 acres by the administrator for the purpose of satisfying the note, and purchased such property for $1,400 at the sale. It thereafter procured an order of sale under the foreclosure judgment, purchased the property for $60, and then procured the sale of the 200 acres under that judgment for $100. Held that, the mortgage being subsequent to the decree, its lien did not destroy plaintiff's right to have the 280 acres exhausted before the 200 acres could be subjected to the payment of the judgment, but was subordinate to such rights.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 307, 309–311, 314–329, 332–336; Dec. Dig. § 151.*]

2. EXECUTORS AND ADMINISTRATORS (§ 388*)—SALES AND CONVEYANCES—UNDER ORDER OF COURT—OPERATION AND EFFECT.

Under Rev. Civ. St. 1911, art. 3488, providing that any creditor of a deceased person holding a claim secured by mortgage may obtain from the county court an order for the sale of the property, by such sale by the administrator, by order of the probate court, the purchaser acquired all the title owned by the original vendee in the land, but took it subject to plaintiff's rights under the decree of foreclosure.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1573–1582; Dec. Dig. § 388.*]

3. EXECUTION (§ 118*)—LIEN—FORECLOSURE—SALE.

All the title owned by such original vendee having passed by the administrator's sale, no title whatever passed by the sales under the judgment, especially in view of Rev. Civ. St. 1911, art. 3723, providing that where a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 273; Dec. Dig. § 118.*]

4. EXECUTORS AND ADMINISTRATORS (§ 402*)—SALE—APPLICATION OF PROCEEDS—CLAIMS AGAINST PROPERTY OF DIFFERENT PERSONS.

To accord to plaintiff and his vendees the rights decreed to him by the foreclosure judgment, equity would apply the proceeds of the administrator's sale as decreed in the foreclosure, and hence, the amount received on such sale being in excess of the amount due on the judgment, the 200 acres was free from any claim under the judgment or mortgage.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1608; Dec. Dig. § 402.*]

5. VENDOR AND PURCHASER (§ 281*)—FORECLOSURE OF LIEN—FINDINGS—CONFORMITY TO EVIDENCE.

Where it appeared that after a judgment foreclosing a vendor's lien the judgment debtor executed a mortgage for an unsecured indebtedness and the amount of the judgment which the mortgagee paid, taking a transfer of the judgment, and that after the judgment debtor's death the mortgagee applied for an order for the sale of the land for the payment of the note secured by the mortgage, it being undisputed that the note included the amount due under the judgment, a finding that the mortgagee asked such sale to satisfy the amount due under the judgment was not unsupported by evidence.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 792–794; Dec. Dig. § 281.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Suit to foreclose a vendor's lien by W. B. Lewis against Mary H. Cole and others. From the judgment the defendant named and certain other defendants appeal. Affirmed.

Crane & Bondies, of Sweetwater, for appellants. Kearby & Kearby, of Comanche, for appellees.

DUNKLIN, J. J. N. Brunson conveyed to J. H. Wilson 480 acres of land, reserving a vendor's lien to secure the payment of two promissory notes given by Wilson for part of the purchase money. Wilson sold 200 acres of the tract to H. E. Green, and reserved a vendor's lien to secure the payment of nine promissory notes in his favor executed by Green for part of the purchase money. These notes were purchased from Wilson by W. B. Lewis. Thereafter Brunson obtained a judgment against Wilson for $458.94, the amount due upon the two purchase-money notes executed by the latter, together with a decree of foreclosure of vendor's lien on the entire 480-acre tract, but at the instance of Lewis, who had intervened in the suit, it was decreed that the 280 acres of the original tract still owned by Wilson should be first sold to satisfy the amount of Brunson's judgment, and that the 200 acres which Wilson sold to Green be sold in the event only that the proceeds of the 280 acres should be found insufficient to satisfy the amount of the judgment. Green then conveyed the 200 acres purchased by him from Wilson to Lewis in satisfaction of the nine purchase-money notes executed to Wilson. Lewis then con-

veyed the 200 acres to H. G. Schneider, who executed to Lewis five promissory notes for $150 each. By mesne conveyances from Schneider, his vendee and subvendees, the 200 acres was sold to J. C. C. Martin and George W. Dingus. The date of the judgment in favor of Brunson was April 17, 1908. On August 29, 1908, Wilson, the defendant in the judgment, executed to the Farmers' & Merchants' State Bank & Trust Company his promissory note for $1,416.65, due 90 days after date, and to secure the same, and on the same date executed to the bank a mortgage on the 280 acres of land, which by the decree of foreclosure in favor of Brunson was directed to be first sold to satisfy Brunson's judgment. The note so executed by Wilson to the bank included a pre-existing unsecured debt of $950, which Wilson owed the bank, and which was thus renewed and extended, also $466.65, the amount then due Brunson upon his judgment of foreclosure above mentioned. At the time of the execution of the note and mortgage, and in part consideration therefor, the bank agreed with Wilson to set aside said sum of $466.65 as a special deposit with which to pay off said judgment in favor of Brunson, and this was done. On December 1, 1908, the bank paid to Brunson the amount of his judgment out of the special deposit mentioned, and by agreement with Wilson received from Brunson a transfer of the judgment. On March 26, 1909, J. H. Wilson died, and thereafter W. A. Hall was duly appointed administrator of his estate. At the date of his death Wilson still owned the 280 acres of the original tract purchased by him from Brunson, having never sold it to any one, and no order of sale having been issued to sell the same to satisfy the Brunson judgment. The bank proved up the note executed to it by Wilson, together with the mortgage given to secure it as a claim against Wilson's estate, which was duly allowed by the administrator and approved by the probate court. The bank then made application to the probate court for an order directing the administrator to sell the 280-acre tract for the purpose of satisfying the debt evidenced by said note. In February, 1911, the probate court granted said application, and ordered the administrator to sell the 280 acres for cash, granting permission to the bank to become a purchaser at such sale, and decreeing that if the amount of the bank's bid should not exceed the amount due upon its note, then the full amount of the bid should be credited upon the note. At the sale made by the administrator in compliance with this order the bank purchased the 280 acres for $1,400, the full amount of which bid was credited on the note by the administrator, and, this sale having been reported to the court by the administrator and duly approved by the court, the administrator on June 6, 1911, in compliance with the order of said court, ex-

ecuted and delivered to the bank a deed to the 280 acres of land. Thereafter, on September 8, 1911, the bank procured an order of sale upon the Brunson judgment and a sale by the sheriff thereunder, first of the 280-acre tract for the sum of $60, and then of the 200 acres conveyed by Wilson to Green, as shown above, for the sum of $100, the bank being the purchaser at both of said sales. The sheriff then executed to the bank a deed to the 280-acre tract, and also the 200-acre tract, and thereafter the bank sold the 480 acres to Mary H. Cole and Rosa Sneed. At the time the Brunson judgment was rendered the 280-acre tract was worth $2,000, and ever since that date it has been worth more than sufficient to satisfy that judgment. Upon the date of that judgment and at all times since, the 200 acres was and has been worth $3,000.

This suit was instituted by W. B. Lewis to recover the amount due upon the five promissory notes in his favor for $150, executed by H. G. Schneider, and to foreclose his vendor's lien upon the 200 acres originally sold to Green by Wilson. He recovered a judgment for the full amount of the notes sued on against Schneider, their maker, and H. E. Stewart, L. S. Rutherford, J. C. C. Martin, and G. W. Dingus, subsequent purchasers of the land, who assumed payment of the notes, and also for a foreclosure of his vendor's lien against those defendants, and also against the Farmers' & Merchants' State Bank & Trust Company, Mary H. Cole and her husband, J. E. Cole, Rosa Sneed and her husband, Sam Sneed. From that judgment the bank and the Coles and Sneeds have appealed.

The trial was before the court without the aid of a jury, and the trial judge filed findings of fact and conclusions of law, the facts found including those stated above, which were proven beyond controversy.

[1] The foreclosure decree in favor of Brunson was essentially a decree declaring that Brunson's lien on the 200 acres was secondary to his lien upon the 280 acres then owned by Wilson. In other words, under and by virtue of that decree Lewis was accorded the right to have the 280 acres exhausted before the 200 acres could be subjected to the payment of the judgment, and if the 280 acres was sufficient to satisfy Brunson's judgment, then the 200 acres should be free of Brunson's lien. The mortgage executed by Wilson to the bank was subsequent to this decree, and the lien acquired by the bank under the mortgage did not destroy the rights accorded Lewis by the decree, but was subordinate thereto.

[2, 3] It cannot be questioned that the probate court had jurisdiction over all the property owned by Wilson at the date of his death, and under article 3488, Revised Civil Statutes 1911, was clothed with authority to have the 280 acres sold for the payment

of the mortgage indebtedness. The sale by the administrator certainly passed to the purchaser all title owned by Wilson in that land. Fourteen hundred dollars was the price paid by the bank for the property at that sale. The sale conveyed no greater title than was owned by Wilson in the land, and the bank purchased it subject to the rights of Lewis under the decree of foreclosure in favor of Brunson. Wilson was the sole defendant against whom the money judgment was rendered in the Brunson foreclosure suit, and after his death and after the administration upon his estate, no order of sale could legally issue upon the judgment. This is an additional reason why no title passed by the sales under that judgment. Lippincott v. Taylor, 135 S. W. 1070; Revised Statutes 1911, art. 3723.

[4] In order to accord to Lewis and his vendees the rights decreed to him by the foreclosure judgment, equity would apply the proceeds of the sale by the administration in the same manner as decreed in the foreclosure, and in the same manner as would have been the duty of the sheriff to do had he sold under the foreclosure judgment. Any other course would result in giving the subsequent mortgage of the bank for an unsecured indebtedness of $950 priority over the rights of Lewis and his vendees previously fixed by the foreclosure. The amount for which the property was sold to the bank by the administrator was far in excess of the amount then due upon the Brunson judgment then held by the bank. Hence, the effect of that sale and the purchase by the bank at that price was to entirely free the 200 acres of land claimed by the vendees of Lewis from the lien fixed by the decree of foreclosure in favor of Brunson, and clearly it was superior to the mortgage lien for the additional sum of $950, which Wilson owed the bank at the time the mortgage was executed.

[5] Several assignments have been presented which will be noticed briefly. The first is to the court's finding that the sale by the administrator "was asked for by said bank and granted by said probate court to satisfy the amount due under said judgment." Appellants interpret this finding to mean that the bank, in presenting its claim to the probate court and in applying for an order to sell the 280 acres of land, alleged that the same was secured by the decree of foreclosure in favor of Brunson, and afterwards purchased by the bank, and, so interpreting the finding, they insist that there was no evidence offered to support it. It is undisputed that the promissory note presented in the claim against the estate did include the amount due under the Brunson judgment. Hence the finding that the sale was asked for to satisfy the amount due under the judgment was strictly correct. Besides, even if the evidence did show, as appellants insist,

that in presenting the claim and in applying for the order of sale no mention was made of the judgment, that would make no difference.

Error has been assigned, also, to the court's conclusion that by proceeding in the probate court to have the 280 acres sold to satisfy its debt, the bank was estopped from thereafter proceeding to sell the property under an order of sale issued on the foreclosure judgment. Whether the principles of estoppel would be applicable or not, the subsequent sale by the sheriff under the order of sale issued under the foreclosure judgment conveyed no title, as all title belonging to the estate of Wilson had originally passed to the bank under the sale by the administrator.

Complaint is made of another conclusion by the trial judge that equity would require the application of the proceeds of the sale first to the payment of the Brunson judgment, and thereafter to the payment of the $950 secured by the mortgage. In view of what we have said already a discussion of this assignment becomes unnecessary.

By other assignments complaint is made of rulings of the trial judge upon exceptions to pleadings, which rulings of the court reflect the same conclusions which we have reached, and have stated already upon the material issues. Hence this assignment is overruled.

The judgment is affirmed.