## HIGHLAND PARK INDEPENDENT SCHOOL DIST. et al. v. THOMAS et al.

### No. 13013.

Court of Civil Appeals of Texas. Dallas.
March 16, 1940.

Rehearing Denied April 20, 1940.

Bell, Goode, Heinen & Miller, James H. Como, Jr., Andrew Patton, Dist. Atty., and E. G. Moseley, Paul Peurifoy, and David Weinstein, Assts. Dist. Atty., and J. C. Muse, Jr., all of Dallas, for appellants.

Mack L. Vickrey and Jarrell Garonzik, both of Dallas, for appellees.

BOND, Chief Justice.

On February 3, 1939, a judgment was entered in a district court of Dallas County, Texas, in a delinquent tax suit, brought by State of Texas, County of Dallas, Town of Highland Park, and Highland Park Independent School District, against Mrs. Emma E. Thomas and her husband, Mr. M. H. Thomas, to establish first and superior constitutional and statutory tax liens upon certain specifically described real estate belonging to Mrs. Thomas, and for foreclosure of the liens to satisfy taxes due thereon, in the aggregate sum of $30,-032.63; thus commanding the seizure, levy, advertisement and sale of the property, as under execution, and the proceeds of sale be distributed ratably and proportionately to the above taxing units (plaintiffs), on the basis of delinquent taxes due each. The suit and judgment followed closely the provisions of the statute relating to collection of delinquent taxes (Ch. 10, Art. 7319 et seq., Vernon's Ann.Civ.Statutes). Incorporated in the judgment are findings that, the "adjudged value" of the property as of date of trial, was the sum of $150,000, and the owner of the property had the right of redemption, as provided by law. Other than a personal judgment in favor of Highland Park Independent School District, for the sum of $365.14,

not involved here, the enforcement of the judgment was directed specifically against the property, and for the taxes due thereon; no personal judgment was sought against the defendants.

On July 2, 1939, Mrs. Thomas died, leaving a will, in which she directed that all her just debts be paid by her executrices as soon after her demise as practicable, and devised the property in suit to her three children, with privilege extended her husband to occupy "the homestead on Preston Road as such, if he so elected, provided that he pay the taxes thereon * * *". The will made further provision for the appointment of her daughters, Mary Catherine Thomas, Inez Thomas Rubush and Mrs. R. B. Irion, as joint executrices of her estate, and expressly provided: "I hereby direct that my Executrices be not required to give bond, and that the Probate Court take no further jurisdiction of my Estate than to require the probate of this Will, and the filing of an inventory and list of claims".

The will of Mrs. Thomas was duly probated October 27, 1939, and on November 18, 1939, the executrices qualified thereunder and proceeded to administer said estate independent of the probate court, filed inventory and appraisement, listing the property here involved as the separate property of Mrs. Thomas. No question is raised in this appeal touching the validity of the will, the probate thereof, or the qualifications of the executrices to act independent of the probate court; and, in obedience to the terms of the will, they are now acting as independent executrices of the estate of Mrs. Thomas.

On January 13, 1940, an order of sale was issued on the judgment of February 3, 1939, levy made on the real estate, upon which the respective constitutional delinquent taxes were established and liens fixed for the payment thereof perforce of the judgment, and in accordance with the appropriate tax statutes. It is to be noted at this point that the judgment in favor of the State of Texas and the other taxing units is not a personal judgment against either of the defendants, and the process issued thereon expressly excludes the idea of any deficiency against the estate passing to the devisees under the will. It simply fixes the amount of taxes due and subjects the specific property to the payment thereof.

On February 3, 1940, the executrices of the will of Mrs. Thomas, on hearing before the court that entered the judgment foreclosing the liens, obtained an order vacating and staying the foreclosure upon the property levied upon, and directing the sheriff of Dallas County to return the order of sale without execution. The basis of the order, incorporated in the court's finding, is, " * * * that the property described in the order of sale, * * * belongs to the estate of the said Mrs. Emma E. Thomas, deceased, and that no execution or order of sale may legally issue under said judgment as against said property until such judgment has been revived according to law." From this order, the appeal is directed.

■ Bearing in mind that the tax proceeding is directed solely against the specific property, and has for its object the disposition of that property alone, without reference to any other claim or debt against the deceased; and that, the execution and order of sale follow the judgment, operating directly upon the property, localizing its effect upon the real estate sought to be sold in satisfaction of the established liens: Thus, the ultimate issue in this appeal is, May an execution or order of sale issue on the judgment, and the property be sold, without resorting to the courts against the executrices? Generally speaking, the proceeding is one in rem, as distinguished from an action to determine personal rights and obligations—an action in personam.

■ The constitutional liens of the State of Texas and other taxing units are, in no sense, a "debt" or "claim" against the estate of Mrs. Emma E. Thomas, deceased, nor a "judgment for money", as contemplated by Art. 3778, providing: "If a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration". The judgment and liens here involved relate to specific property to be subjected to the satisfaction of the taxes assessed against it, measured, of course, by money only as a standard to determine the superior equity of the taxing units, as against the legal title of the owners, who, by the terms of the will, are the three children of the testatrix, whose title is subject only to the homestead claim of the surviving husband, M. H. Thomas, and the taxes due thereon. Obviously,

the devisees under the will are the legal owners of the property in suit, which is exempt by law to them from payment of ordinary debts of the testator (Art. 3314, R.S.). It cannot be gainsaid that the constitutional tax liens are superior to the homestead exemption of the husband and the title of the children; thus, the executrices have no interest to subserve for creditors of the estate or the owners of the property. By the terms of the will, the estate is relieved of regular administration under supervision and control of the probate court.

■ A judgment for taxes or equitable liens on specific property, as disclosed by the record, is not a money judgment, although it may be measured in terms of money. Art. 3779, R.S., provides: "In any case of judgment other than a money judgment, where the sole defendant, or one or more of several joint defendants, shall die after judgment, upon an affidavit of such death being filed with the clerk, together with the certificate of the appointment of a representative of such decedent under the hand and seal of the clerk of the court wherein such appointment was made, the proper process on such judgment shall issue against such representative." In the case at bar, the independent executrices are not required to approve the claims of the taxing units and have no power to sell the property to discharge the taxes due thereon; and, the probate court is (by the express terms of the will) divested of primary jurisdiction to administer the estate. Consequently, in the status of the estate and its administration, no basis exists for classification of claims or priority of payments. The tax liens established by the judgment of the district court being prior and paramount, ahead of the rights of the devisees and the constitutional homestead exemption, and the property not being subject to any other debts or claims against the estate, the taxing units may proceed against the representatives of the estate.

In the case of Taylor v. Williams, 101 Tex. 388, 108 S.W. 815, 817, the Supreme Court discusses and distinguishes the difference between administration under the probate court and independent administration, as follows: "As applied to administrations under the control of the probate courts, the policy of the probate law reflected in Robertson's Adm'x v. Paul [16 Tex. 472], produces many consequences

similar to that adjudged in that decision. No suit to establish a moneyed demand against such an estate is allowed, except as a consequence of the refusal of the administrator or of the probate court to allow or approve it, and then only to establish it and not to enforce its payment. Judgments for money against decedents or their administrators cannot be enforced by executions, but must be certified to the probate courts. Property, in the hands of administrators, on which liens exist to secure debts, whether such liens are created with or without powers of sale, cannot be sold under process from other courts, but must be subjected through proceedings in the courts controlling the administrations. The allowances to the widow and children must be made, and their payment provided for by those courts. All claims must be passed upon, classified, and paid under their orders. None of these things are true of administrations by independent executors. Such trustees make allowances, pay claims, and settle up estates without any control from the probate court. They are liable to suits to recover debts or allowances, and to enforce liens or other rights, existing against the estates in any of the courts of civil jurisdiction, and the judgments of such courts are enforced against property of the estate in their hands, by the usual processes. It is true, as held in Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367, that the management and settlement of an estate by an independent executor is an administration; but this proves little to the present purpose. The question is, is it that kind of an administration which, by force of the probate law, extinguishes or supersedes the power of sale of a trustee appointed by the testator? The contrast between such administrations and the regular ones satisfies us that the reasons upon which the rule under discussion was founded do not apply to them. That rule, broadly stated, is that all claims for money, including those secured by liens, must be probated and enforced through the probate court, and that the existence of a power of sale does not alter the case. The very statement of it shows that it does not apply to independent administrations. No creditor can go into the probate court to enforce his claim against an executor so long as his independent control is allowed to continue, whereas all creditors are required to go into that court to enforce claims against regular administrators. In the case of independent administrations the statutes have not required any course of procedure through which relief may be had, while in the other case the mode of proceeding is carefully and exclusively prescribed. The conclusion is that the creditor is left to pursue the general rules of law by which remedies are given, and one of those remedies, in cases like this, is the exercise of the power of sale. We can find no reason for holding that such a power cannot be exercised, seeing that it is not extinguished by death, nor forbidden by any provision of the probate law, like those controlling regular administrations."

Such distinction, so pronounced in Taylor v. Williams, supra, is expressly reaffirmed by the Commission of Appeals (approved by the Supreme Court) in Fischer v. Britton, 125 Tex. 505, 83 S.W.2d 305, 306, as follows: "The law is settled that a trustee under a deed of trust can exercise the power of sale after the death of the grantor when the grantor's estate is being handled under an independent executor as provided and directed in the will." And, in the case of Fischer v. Britton, supra, the Commission of Appeals clearly indicates that the independent executor stands in the shoes of the testator; it says: "Where the powers conferred in the will upon an independent executor are general, as here, he is to manage the estate and pay the debts as though both estate and debts were his own". See, also, Freece v. Truskett, 130 Tex. 90, 106 S.W. 2d 675.

Art. 3449, R.S., provides: "The administration of an estate under a will shall in all respects be governed by the provisions of the law respecting the administration of intestates' estates, except where it is otherwise provided by law or by the provisions and directions of the will."; and Art. 3436 provides: "Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate." In view of these statutes and the above holdings of our Supreme Court, as against an independent executor, the judgment and order of sale to enforce constitutional tax liens against specific real estate, as here, is not extinguished on the death of the defend-

ant, but is enforceable against the representatives of the deceased, acting under the powers and limitations of the will of the deceased. To hold otherwise, would be to say that a judgment of a court of competent jurisdiction, and the processes thereunder in tax matters, to enforce constitutional liens on specific property, and the express direction of the deceased in a will, do not reach the dignity of private contracts, deeds of trust, as involved in the above cases, enforceable independent of the probate statutes. Mrs. Thomas had the legal right to direct by will the mode and manner of management of her estate, and the payment of taxes due by her on the specific piece of property involved here. She directed such management and payment, independent of the courts. Thus, we are of the opinion that the judgment is enforceable against the executrices, and that the State of Texas and other taxing units are entitled to the processes of the court to enforce the judgment against the property; accordingly, the judgment of the court, effectively enjoining the further issuance of an order of sale and levy, until such judgment had been revived against the executrices, is set aside, and further process to enforce the judgment may issue. In accordance with our conclusions above expressed, the cause is reversed and here rendered in favor of appellants, dissolving and setting aside the restraining order of the trial court.

Reversed and rendered.

YOUNG, Justice (dissenting).

My dissent follows the language of Art. 3778, that no valid sale can be made of the lands in the possession of these independent executrices on a judgment obtained during decedent's lifetime, except pursuant to the laws regulating administration of estates.

This tax judgment was for $30,032.63 rendered February 3, 1939, following suit against Mrs. Emma E. Thomas and husband M. H. Thomas. The taxing authorities (plaintiff and interveners) established the amount defendants were indebted to each body for taxes, and fixed the same as a first and superior constitutional and statutory lien against described realty; delinquent amounts due each for certain years being: State of Texas and County of Dallas, $16,114.51; Town of Highland Park, $6,347.43; Highland Park Independent School District recovering personal judgment of and from defendants, jointly and severally, for personal tax arrears, $365.14, and similar judgment against Mrs. Emma E. Thomas, school taxes, penalties and interest against the realty, for $7,570.69. The recitals of foreclosure, however, under the provisions of Art. 7345b directed only a sale of the property in satisfaction of the sum total of taxes so established, with statutory right of redemption, the value of such security at the time being adjudged at $150,000. Mrs. Thomas died testate July 22, 1939, her will later probated, and three named daughters, on November 18, 1939, duly qualified as independent executrices of said estate. On November 28, 1939, plaintiffs, obviously proceeding under the terms of Art. 3779, R.S., filed affidavit of death as to Mrs. Emma E. Thomas (without naming the representatives of her estate), and thereafter, January 13, 1940, caused issuance of a writ with purported levy by the sheriff on the real estate in question, for sale the first Tuesday in February following. No steps other than just mentioned were taken to connect the executrices of the estate with such sale under the original foreclosure judgment, which latter instrument recited the property in suit to have been separately owned by Mrs. Emma E. Thomas.

Upon hearing of a motion by the executrices to quash the January order of sale and levy thereunder, the same was sustained and the writ ordered returned into court without further execution; the court being of the opinion, "that the original judgment in this cause is a money judgment against the said Mrs. Emma E. Thomas, who has died subsequent to the rendition of said judgment, that the property described in the order of sale, such being the only writ and such property being the only property involved in this proceeding in anywise, belongs to the estate of the said Mrs. Emma E. Thomas, deceased, and that no execution or order of sale may legally issue under said judgment as against said property until such judgment has been revived according to law."

In a regular administration, all claims for money must be allowed by the administrator and approved by the Judge; but, even when so approved, there is no provision in the probate laws requiring a claim, secured or unsecured, to be paid until after twelve months; or authorizing a forced sale of the security within such

time. Similar protection is afforded property administered by an independent executor (authorized by Art. 3436). The succeeding Article (3437) requires: "Any person having a debt or claim against the estate may enforce the payment of the same by suit against the executor; and, when judgment is recovered against the executor, the execution shall run against the estate of the testator in the hands of the executor that may be subject to such debt. The executor shall not be required to plead to any suit brought against him for money until after one year from the date of the probate of such will."

I must dissent from the majority in their reversal and rendition of the trial court's above action, as, in my judgment, the undisputed facts herein make applicable the terms of Arts. 3778 and 3437 (instead of 3779). Therefore, appellees' counter proposition should have been sustained, viz.: "It appearing that the judgment in this cause was a money judgment as against Mrs. Emma E. Thomas, the owner of the property upon which the lien was foreclosed and which was ordered sold for the satisfaction of such judgment, and that she has died since the rendition of such judgment, no execution or order of sale may issue under said judgment as against the property of her estate. Hence the court properly quashed the writ."

My Associates have held, in effect, (a) That a judgment rendered in favor of taxing units against a person during her lifetime which, so far as one of such units is concerned, is an ordinary personal judgment for the amount of the real property taxes enforceable by execution; and which, so far as all are concerned, is a judgment establishing the defendant's indebtedness for the amount of real property taxes due, foreclosing their lien on such real estate for such amounts, and ordering a sale in satisfaction thereof, is not a money judgment within the contemplation of Articles 3778 and 3779. (b) That such a judgment, after the death of the defendant and administration on her estate, is in no sense a debt or claim against the estate of such decedent within the contemplation of our laws regulating the administration of a decedent's estate. (c) That such a judgment, after the death of the defendant and administration on her estate, may be enforced by execution thereunder against the property in the hands of the executrices of the estate, without a revival as against them, where such estate is being administered independent of the probate court. (d) That the record discloses the property to have been the homestead of Mrs. Thomas at the time of her death and that, though it was encumbered with a constitutional lien securing the payment of taxes due thereon, it was not subject to the control of or administration by her executrices.

The nature of this appeal is such that it is doubtful whether our Supreme Court will entertain jurisdiction by way of error. A brief but categorical answer to the above conclusions of the majority is deemed sufficient. In consequence, generous use has been made of appellees' propositions, argument, and authorities.

(1) The judgment involved is a money judgment within the contemplation of Arts. 3778 and 3779; Vol. 2 Bouv.Law Dict., Rawle's Third Revision, page 2240 (Baldwin's Ed., page 815); Words & Phrases, Title "Money Judgment"; Lippincott v. Taylor, Tex.Civ.App., 135 S.W. 1070, writ refused; Cole v. Lewis, Tex.Civ.App., 159 S.W. 180.

(2) The judgment is a debt or claim against the estate of Mrs. Thomas within the meaning of our laws governing administration of estates (both ordinary and independent). 14 Tex.Jur., Decedents' Estates, pp 128, 131; Allen v. Reilly, 62 Tex. Civ.App. 624, 131 S.W. 1152; Whitmire v. May, 96 Tex. 317, 72 S.W. 375; White Co. v. Stout, Tex.Civ.App., 102 S.W.2d 1065; Jenkins v. First Nat. Bank of Coleman, Tex.Civ.App., 101 S.W.2d 845; Alamo Nat. Co. v. Key, Tex.Civ.App., 114 S.W.2d 931.

(3) No execution on the judgment may legally issue against the property in the hands of the executrices without a revival against them, even though they are acting independent of the court. Cook v. Sparks, 47 Tex. 28; Bynum v. Govan, 9 Tex.Civ.App. 559, 29 S.W. 1119; Govan v. Bynum, 17 Tex.Civ.App. 180, 43 S.W. 319; City Central Bank & Trust Co. v. Jackson, Tex.Civ.App., 45 S.W.2d 433. The case of Taylor v. Williams, supra, is relied upon by the majority as controlling; but I consider the rule there announced to be in no sense applicable here. That decision dealt only with a creditor's right to extra judicial remedy (sale by trustee under deed of trust, without resort to court or its processes).

(4) This homestead estate is subject to the control of and administration by the executrices, since it is encumbered with a constitutional debt or lien. Federal Land Bank v. Tarter, Tex.Civ.App., 86 S.W.2d 523; Connor Bros. v. Williams, 130 Tex. 572, 112 S.W.2d 709; Britton v. Wilson, Tex.Civ.App., 101 S.W.2d 889; Hinton v. Uvalde Paving Co., Tex.Civ.App., 118 S.W.2d 317, writ refused; Lovejoy v. Cockrell, Tex.Com.App., 63 S.W.2d 1009.

(5) But even assuming there could be no administration on the property by reason of its being homestead, Fleming v. Ball, 25 Tex.Civ.App. 209, 60 S.W. 985, writ refused, is to the effect that a sale of real estate under a foreclosure judgment against a decedent was void, without a revival thereof as against his heirs, though no administration had ever been opened, and the time for such had expired.

The above briefly presents my views for which this cause should be affirmed.